IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JASON ALAN FREE,

    Defendant.

8:19CR337

**MEMORANDUM & ORDER**

This matter is before the Court on the Findings and Recommendations, Filing No. 62, issued by United States Magistrate Judge Michael D. Nelson recommending that the Motion to Suppress filed by the Defendant Jason Alan Free ("Defendant") (Filing No. 42) be denied. Defendant filed an Objection to Findings and Recommendation (Filing No. 64) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2.[1] For the reasons set forth below, the Findings and Recommendation will be adopted, the Objection overruled, and the Motion to Suppress will be denied.

## I. BACKGROUND

Defendant was charged with two counts of sexual abuse of an incapable victim in violation of 18 U.S.C. § 2242(2) and abusive sexual contact of an incapable victim, in violation of 18 U.S.C. § 2244(2). Filing No. 24, Superseding Indictment. Both counts were charged as offenses committed within Indian country under 18 U.S.C. § 1153.

The Magistrate Judge stated his factual findings and conclusions of law in his Findings and Recommendation. Filing No. 62. Defendant did not directly object to the

---

[1] Following the untimely death of Senior District Judge Laurie Smith Camp, this case was reassigned to the undersigned judge.

Magistrate Judge's factual findings. The Court provides the following summary of the facts based on its review of the evidence:

FBI Special Agent Jeffrey Howard ("SA Howard") first spoke to Defendant in June 2019, during the investigation resulting in the sexual abuse charges filed against Defendant in this case. During the interview in June 2019, SA Howard read Defendant *Miranda* warnings from a preprinted card before speaking to Defendant. Filing No. 51, Tr. at 7-8. Defendant does not seek to suppress any statements he made during this interview in June 2019.

On October 22, 2019, an indictment was filed charging Defendant with one count of sexual abuse of an incapable victim. Filing No. 1. Defendant was taken into custody pursuant to an arrest warrant. On October 28, 2019, SA Howard transported Defendant to the courthouse for an initial appearance and arraignment on the charges in the original Indictment. While being transported to the courthouse, Defendant made statements to SA Howard that Defendant now seeks to suppress. Before speaking to Defendant, SA Howard stated the following:

> Ok, so, I'm just gonna advise you of your rights in case you want to talk on the way down [to your court appearance], alright? Um, you have the right to remain silent. Anything you say can be used against you. You have the right to an attorney. If you can't afford one, one will be appointed for you. Um, when we get down there [to the court] you will get an attorney. Um, would you be willing to talk to me for a little bit, until you decide you don't want to, depending on what the question is? Would that be alright?

*See* Exhibit 1 – Vehicle Audio Recording.

Defendant replied, "Yeah," and engaged in a brief conversation with SA Howard. Defendant answered a few of SA Howard's questions over the span of approximately 41 seconds. In response to a question about the allegations in this case, Defendant declined to answer and instead said "I'm going to go ahead and wait till I have a lawyer." Ex. 1 at

1:05. SA Howard responded, "Okay," and Defendant made no further statements. *See* Ex. 1 at 1:12.

Defendant seeks to suppress the statements he made during this conversation, by claiming SA Howard's warning violated his *Miranda* rights under the Fifth Amendment. Defendant argues that SA Howard did not advise Defendant of his right to have counsel before and during questioning or to have appointed counsel prior to questioning.[2] Filing No. 51, Tr. at 3-4, 14. The Magistrate Judge concluded SA Howard's warnings complied with *Miranda*, did not violate the Fifth Amendment, and Defendant validly waived his rights. Filing No. 62, at 6.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a), the Court shall make a *de novo* review of the portions of the Magistrate's Findings and Recommendation to which objections have been made. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings and recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## III. DISCUSSION

To protect an individual's Fifth Amendment right against self-incrimination, an individual in custody must be warned prior to any questioning:

> that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed to him prior to any questioning if he so desires.

---

[2] Defendant initially raised additional arguments regarding the Sixth and Fourteenth Amendments, but at the hearing before the Magistrate Judge, limited his arguments to the *Miranda* and Fifth Amendment violation.

3

*Miranda v. Arizona,* 384 U.S. 436, 479 (1966). "The prophylactic *Miranda* warnings are 'not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected.'" *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (quoting *Michigan v. Tucker*, 417 U.S. 433, 444 (1974)). The Supreme Court has "never insisted that *Miranda* warnings be given in the exact form described in that decision," and "no talismanic incantation [is] required to satisfy its strictures." *Id.* "The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his right as required by *Miranda*.'" *Id.* (quoting *California v. Prysock*, 453 U.S. 355, 361 (1981) (per curiam)). A warning need not be "the clearest possible formulation of *Miranda*'s right-to-counsel advisement." *Florida v. Powell*, 559 U.S. 50, 63 (2010). Rather, an advisement must be "sufficiently comprehensive and comprehensible when given a commonsense reading." *Id.*

"*Miranda* does not require that attorneys be producible on call, but only that the suspect be informed . . . that he has the right to an attorney before and during questioning, and that an attorney would be appointed for him if he could not afford one." *Id.* at 204. However, the Eighth Circuit "has not strictly required that a defendant be explicitly advised of his right to an attorney before and during questioning." *United States v. Caldwell*, 954 F.2d 496, 502 (8th Cir. 1992). Rather, law enforcement cannot place a false limitation on the right to counsel by "linking the right to appointed counsel to a future point in time after interrogation." *Id.* at 502.

Courts examine Miranda warnings in their totality to determine whether law enforcement inappropriately links the right to counsel to a time after interrogation. *See Duckworth*, 492 U.S. at 205. For example, in *Duckworth*, after advising a defendant

4

generally of his right to counsel, law enforcement explained that "[w]e have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court." 492 U.S. at 198. The court of appeals concluded that the "if and when you go to court" language suggested that if the accused did not go to court, he would not be entitled to counsel. *Id.* at 203. The Supreme Court overturned this decision because the warning, when read as a whole, did not link the right to counsel to a time after interrogation. *Id.* at 204. The Supreme Court explained "it must be relatively commonplace for a suspect, after receiving *Miranda* warnings, to ask when he will obtain counsel. The 'if and when you go to court' advice simply anticipates that question." *Id.* at 204. However, when read as a whole, the Miranda warnings reasonable conveyed the right to counsel. *See id.*

Defendant's primary argument is that SA Howard's warning failed to explicitly inform Defendant that he had right to counsel before and during questioning.[3] Defendant focuses on SA Howard's statement that, "when we get down there [to the court] you will get an attorney." However, as in *Duckworth*, this statement could be read as anticipating Defendant's question about when counsel would be appointed rather than linking the right to counsel to some future event. Thus, the Court must consider "the totality of the warning given" to determine whether the warning "reasonably conveyed the right to appointed counsel." *Rhines v. Young*, 899 F.3d 482, 487 (8th Cir. 2018), *cert. denied,* 139 S. Ct. 1567 (2019) (internal quotation omitted).

SA Howard advised Defendant of his *Miranda* rights "in case [Defendant] would like to talk on the way down [to the court appearance]." Ex. 1. SA Howard specifically

---

[3] As explained in *Caldwell*, law enforcement was not strictly required to advise Defendant of his right to counsel before and during questioning. Accordingly, the Court's analysis focuses on whether SA Howard's warning conditioned the right to counsel to some point in the future.

5

informed Defendant of his right to an attorney and stated that if Defendant could not afford one, one would be appointed for him. SA Howard then explained that "when we get down there [to the court] you will get an attorney." In the context of the full *Miranda* warning, SA Howard advised Defendant of his right to an attorney before answering any questions and then, similar to *Duckworth*, informed Defendant that if he invoked that right to counsel he would be provided an attorney at the courthouse. SA Howard's complete warning was not misleading, nor did it suggest a false limitation to Defendant's substantive right to counsel during questioning. Rather, it reflected the practicality of being appointed an attorney after arrival at the courthouse.

Moreover, Defendant demonstrated that he understood his right to counsel. A warning that adequately conveys the right to counsel can be shown where a defendant demonstrates that he understands the right to cut off questioning. See *Rhine*, 899 F.3d at 487 (defendant demonstrated he understood his rights under *Miranda* by turning off recorder when asked about a topic he did not wish to discuss). Like the defendant *Rhine*, Defendant demonstrated that he understood he could exercise his right to cut off questioning when he invoked his right to counsel 41 seconds after questioning began. The Court finds that SA Howard's warning reasonably and adequately advised Defendant that his right to an attorney before and during questioning.

## IV. CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 62) issued by United States Magistrate Judge Michael D. Nelson, are adopted;

2. The Motion to Suppress filed by Defendant Jason Free (Filing No. 42) is denied;

3. The Defendant's Objections to the Findings and Recommendation (Filing No. 64) is overruled.

Dated this 13th day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge